UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

GLENN MCCLOUD,

    Petitioner,

V.

HECTOR JOYNER, Warden,

    Respondent.

Civil Action No. 7: 21-50-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Glenn McCloud has filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Through his petition, McCloud challenges the validity of a disciplinary conviction imposed by the Bureau of Prisons ("BOP"). [R. 10]

The Court conducts an initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The petition should be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates McCloud's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (cleaned up).

On August 22, 2020, a BOP officer reviewed a recording of a telephone call made by McCloud. The officer concluded that McCloud violated prison rules by conducting a three-way call. The officer therefore issued an Incident Report charging McCloud with Prohibited Act Code 297 for abusing the

phone system. [R. 10-3 at 1] The Incident Report was created at 7:40 a.m. that day, and was delivered to McCloud two and a half days later on August 24, 2020 at 6:45 p.m. *Id.* at 2.

A Disciplinary Hearing Officer conducted a hearing on the charge on August 26, 2020. During the hearing McCloud stated only that it was not a three-way call. The DHO concluded otherwise based upon the statements of the reporting officer in the Incident Report. The DHO found McCloud guilty of the disciplinary offense and imposed various sanctions, including the disallowance of 27 days of Good Conduct Time. [R. 10-4]

McCloud administratively appealed his disciplinary conviction. [R. 10-5] The factual and legal grounds for McCloud's appeal are not evident because he does not include the appeal form he filed with the regional office. The BOP's Central Office denied his appeal in May 2021. [R. 10-6] The Court assumes for purposes of discussion that McCloud exhausted the claims he now asserts in his petition by first presenting them to the BOP during the appeals process.

The precise nature of the arguments McCloud asserts in his petition is unclear because he refers to and mixes together several distinct legal concepts. *See* [R. 10-1 at 4-12] McCloud states that pertinent BOP regulations required the Incident Report to be delivered to him within 24 hours after it was issued. He contends that his due process rights were violated because the report was delivered beyond that period and the stated reasons for the delay in delivering the report were vague. He also notes that a criminal statute may be void for vagueness and refers to the "some evidence" standard, but he does not explain how either observation has any bearing upon his claim for relief. At bottom, McCloud contends that the disciplinary conviction is invalid because the Incident Report was not delivered to him within 24 hours after it was issued.

BOP regulations provide that "[y]ou will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident."). 28 C.F.R. § 541.5(a) (2021). By its terms, the regulation only requires delivery to the inmate "ordinarily" within 24 hours. The regulation

2

necessarily contemplates that under certain circumstances prison staff may need additional time to provide a written copy of the incident report to the inmate.  This might occur where the prisoner is transferred to another cell block or institution, additional time is needed to conduct a drug test or complete an investigation, or the prison is placed on lockdown.  Because the regulation does not require the Incident Report to be delivered to the inmate within 24 hours in all cases, the BOP did violate the regulation in this instance.

Even if the BOP's delayed delivery in this case were contrary to its regulations, an agency's failure to strictly adhere to its regulations does not provide a basis for habeas relief.  The procedural requirements of the Due Process Clause are defined by the United States Constitution, not by an agency's internal regulations or guidelines.  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Thus, an agency's failure to follow to its own guidelines does not constitute a procedural due process violation.  *Julick v. Snyder-Norris*, 2017 WL 5485453, at *2 (6th Cir. March 1, 2017) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (holding that while state or federal statutes or regulations may confer substantive due process rights, procedural due process rights arise only under the Constitution itself) and *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004)).  As the Third Circuit has explained when rejecting the same argument McCloud makes here, *Wolff v. McDonnell*, 418 U.S. 539 (1974) "only requires that an inmate receive written notice of the charges 24 hours before a hearing" but "does not require issuance of the charge within 24 hours of the incident…"  *Wallace v. Federal Detention Ctr.*, 528 F. App'x 160, 162-63 (3d Cir. 2013).  *See also Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011) (holding that "noncompliance with [28 C.F.R. § 541.5(a)] would not have amounted to a due process violation.").  In any event, McCloud does not allege that he suffered any prejudice as a result of the delay in delivery.  Absent prejudice, no constitutional violation occurred.  *Cf. Brennan v. United States*, 646 F. App'x 662, 666-67 (10th Cir. 2016) (applying harmless error review to *Wolff's* 24-hour notice requirement); *United States v. Rutherford*, 555 F.3d 190, 192 (6th Cir. 2009)

("[T]he Constitution does not demand a bright-line rule whereby every breach of federal administrative policy also violates the Due Process Clause.").

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner Glenn McCloud's amended petition for a writ of habeas corpus [R. 10] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

Entered: November 22, 2021.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY